IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DRALVES GENE EDWARDS, M.D. | * |
| Plaintiff, | * |
| v. | * Civil No. 3:05-CV-0144-H |
| BLUE CROSS/BLUE SHIELD OF TEXAS; BLUE CROSS/BLUE SHIELD ASSOCIATION; and TRAILBLAZER HEALTH ENTERPRISES L.L.C., | * |
| Defendants. | * |

**MEMORANDUM OPINION AND ORDER**

Before the Court are Plaintiff's Motion to Remand, filed February 23, 2005; Defendant Blue Cross/Blue Shield of Texas's Motion to Reconsider, filed March 4, 2005; Defendant Blue Cross/Blue Shield of Texas's Response, filed March 4, 2005; Plaintiff's Reply, filed March 21, 2005. On February 23, 2005, relying on Plaintiff's averments, the Court granted Plaintiff's Motion to Remand, filed February 22, 2005. The Court's prompt ruling on Plaintiff's Motion did not provide BCBS an opportunity to respond. The Court thus finds grounds for review of and hereby **VACATES** its Remand order, entered February 23, 2005. However, for the reasons stated below, Plaintiff's Motion to Remand is **GRANTED**.

Also before the Court are Defendant Blue Cross/Blue Shield of Texas's ("BCBS") Motion for Leave to file Surreply, filed March 29, 2005; and Plaintiff's Motion for Leave to file Surreply, filed April 15, 2005. The Court has reviewed the parties' respective Surreplies and finds them repetitive of their previous pleadings and not helpful.[1] Defendant Blue Cross/Blue Shield of

---

[1] The Court also notes that neither Defendant's nor Plaintiff's Surreply contain "summary-judgment type" evidence or new arguments to warrant leave to file. *See Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 542 (5th Cir. 2004).

Texas's Motion for Leave to file Surreply is therefore **DENIED** and Plaintiff's Motion for Leave to file Surreply in Support of Plaintiff's Motion to Remand is also **DENIED.**

## I.     Procedural Background

Defendant Trailblazer Health Enterprises L.L.C. ("Trailblazer"), an alleged fiscal agent for the United States Department of Health and Human Services, unilaterally removed the case under the Federal Officer Removal Statute, 28 U.S.C. § 1442(a)(1). (Def. Trailblazer's Notice of Removal, filed Jan. 24, 2005.)  On February 22, 2005, Plaintiff dismissed his claims against Trailblazer and Blue Cross/Blue Shield of South Carolina. (Pl.'s Notice of Dismissal, filed Feb. 22, 2005.)  In his Motion to Remand, Plaintiff asserts that no federal question exists and that "no diversity exists as to the remaining Defendant."[2]  (Pl.'s Mot. to Remand, filed Feb. 22, 2005.) Although Plaintiff alleges a defect in Trailblazer's removal procedure (Pl.'s Reply at 5), the parties do not otherwise challenge the merits of Trailblazer's removal.  The issue before the court is whether to remand, *i.e.*, whether it has jurisdiction over the remaining claims.

## II.    Analysis

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  *Buchner v. F.D.I.C.*, 981 F.2d 816, 819 (5th Cir.1993) (quoting 28 U.S.C. § 1447).  The burden of establishing jurisdiction is on BCBS.  *See Winters v. Diamond Shamrock Chem. Co.*, 149 F.3d 387, 397 (5th Cir. 1998) ("[W]hen faced with a motion to remand, it is the defendant's burden to establish the existence of federal jurisdiction over the controversy.").  BCBS argues that the Court retains jurisdiction on three grounds: (1) diversity jurisdiction; (2) federal question jurisdiction; and (3) supplemental jurisdiction. (Def. BCBS's Resp.

---

[2] Plaintiff posits that his dismissal of Trailblazer and Blue Cross/Blue Shield of South Carolina deprives the Court of jurisdiction. (Pl.'s Mot. at 1.)

at 1.)  The Court addresses BCBS's arguments in turn.

### A.  Diversity Jurisdiction

Title 28, Section 1332 of the United States Code requires complete diversity, *i.e.*, that the parties be "citizens of different States."  28 U.S.C. § 1332(a)(1) (West 2005).  "[D]istrict courts . . . have original jurisdiction [over] civil actions where the matter in controversy exceeds . . . $75,000."  *Id.* § 1332(a).

The Court "first examine[s] the complaint to determine whether it is facially apparent that the claims exceed the jurisdictional amount."  *Hartford Ins. Group v. Lou-Con Inc.*, 293 F.3d 908, 910 (5th Cir. 2002) (citing *St. Paul Reins. Co. Ltd. v. Greenburg*, 134 F.3d 1250, 1253 n.13 (5th Cir. 1998)).  Plaintiff's First Amended Original Petition alleges that Plaintiff has been denied 96% of his claims submitted for payment.  (Pl.'s 1st Am. Original Pet. at 3.)  Extrapolating from the $4,500 Plaintiff did receive for services rendered, it is facially apparent that Plaintiff's claim seeks to recover $108,000.  Finding it facially apparent that Plaintiff's claim exceeds the jurisdictional amount, 28 U.S.C. § 1332(a), the Court next examines the citizenship of the parties.

BCBS proffers the affidavit of Linda Cox ("Cox"), a paralegal in BCBS's litigation department, to show that BCBS's principal place of business is in Chicago, Illinois.  (Def.'s Ex. A (Cox Aff. at 1).)  Plaintiff does not offer any "summary judgment-type evidence" to counter BCBS's argument.[3]  *See Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 542 (5th Cir. 2004); *Hartford Ins. Group*, 293 F.3d at 910; *Badon v. RJR Nabisco Inc.*, 236 F.3d 282, 284 (5th Cir. 2000).  Instead Plaintiff relies on *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 851 (5th Cir. 1999), to argue that the Court "may not consider the entire post-removal record."  (Pl.'s Reply at 2.)

---

[3]  Plaintiff refers the Court to "Exhibit 2," presumably BCBS's Original Answer.  (Pl.'s Reply at 2.)  However, Plaintiff has not appended his Reply with either attachments or exhibits and the removal record is incomplete.

Under Plaintiff's interpretation of *Simon*, the Court must ignore the jurisdictional facts that existed at the time of removal because BCBS failed to timely allege those facts. However, as noted in *Simon*, "any post-petition affidavits are allowable only if relevant to" the time of the removal. *Simon*, 193 F.3d at 851 n.10 (citing *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)); *see also Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) ("The jurisdictional facts that support removal must be judged at the time of the removal. . . . [P]ost-removal affidavits may be considered in determining the amount in controversy at the time of removal, . . . only if the basis for jurisdiction is ambiguous at the time of removal."); *St. Paul Reinsurance*, 134 F.3d at 1254 n.18 ("We have considered a post-removal affidavit when the jurisdiction[] . . . was ambiguous . . . In doing so, however, we explained that the affidavit helped clarify the jurisdictional facts '*as of the time of removal*.'"); *Coury v. Prot*, 85 F.3d 244, 249 (5th Cir. 1996) ("In making a jurisdictional assessment, a federal court is not limited to the pleadings; it may . . . receive affidavits . . . concerning the facts underlying the citizenship of the parties."). Therefore the Court should consider Cox's affidavit, submitted after removal, only if it is relevant to "the jurisdictional facts *as of the time* the case is removed." *H&D Tire and Automotive-Hardware Inc. v. Pitney Bowes Inc.*, 250 F.3d 302, 306 n.7 (5th Cir. 2001) (citing *Asociacion Nacional de Pescadores v. Dow Quimica*, 988 F.2d 559, 565 (5th Cir. 1993)).

The Cox Affidavit, signed March 4, 2005, clearly states that BCBS's principal place of business *is* Chicago, Illinois. The Cox Affidavit, however, does not address whether, at the time of removal or at the time Plaintiff filed his First Amended Original Petition, BCBS had its principal place of business in Chicago, Illinois. Other than confirming the amount in controversy, Defendant's evidence provides no insight as to "the jurisdictional facts *as of the time* the case [was] removed." *Id*.; *see Coury v. Prot*, 85 F.3d at 249 ("In cases removed from state court, diversity of citizenship

4

must exist both at the time of filing in state court and at the time of removal to federal court.") Therefore, the Court finds that BCBS has failed to meet its burden of showing diversity jurisdiction.

      B.      **Federal Question Jurisdiction**

BCBS argues that the Court retains jurisdiction because BCBS is a federal officer and thus federal question jurisdiction exists. (Def.'s Resp. at 4.) BCBS relies heavily on the Federal Officer Removal Statute, 28 U.S.C. § 1442. (*Id.*) Curiously, BCBS did not remove and has not removed since the inception of the suit in June 2003. Because BCBS did not remove, its reliance on 28 U.S.C. § 1442 is misplaced. The Court has found no authority for BCBS's unstated, underlying premise: that a non-removing defendant can utilize a removal statute to support post-removal federal question jurisdiction.

Being a party who arguably could remove the case, BCBS did not so remove.[4] Based on Trailblazer's removal, the matter before the Court is the issue of the Court's jurisdiction over the remaining claims. "Federal jurisdiction exists only when a federal question is presented on the face of a plaintiff's properly pleaded complaint." *Hoskins v. Bekins Van Lines*, 343 F.3d 769, 772 (5th Cir. 2003) (citing *Caterpillar v. Williams*, 482 U.S. 386, 392 (1987). "The existence of a defense based upon federal law is insufficient to support jurisdiction." *Sam L. Majors Jewelers v. ABX, Inc.*, 117 F.3d 922, 924 (5th Cir. 1997) (citing *Caterpillar*, 482 U.S. at 392). Although it is an exception to the "'well-pleaded complaint' rule which would otherwise preclude removal even if a federal defense were alleged," *Mesa v. California*, 489 U.S. 121, 136 (1989), the Federal Officer Removal Statute is inapplicable because BCBS did not exercise its right to remove thereunder.

---

[4] Under the Federal Officer Removal Statute, a civil action against any agency of the United States "or any officer (or any person acting under that officer) of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office" *may be* removed by that agent or officer. 28 U.S.C. § 1442(a)(1) (emphasis added).

Assuming, *arguendo*, that BCBS's Response could be construed as a removal, such a removal is ineffective because it is untimely under 1446(b) and BCBS has not met the pleading requirements as set out in *Mesa*, 489 U.S. at 136. Such defects are fatal to BCBS's arguments opposing remand.

1. **Untimely Actions**

Under 28 U.S.C. § 1446(b), BCBS must have removed "within thirty days after the receipt . . . of the initial pleading [or] 'other paper.'"[5] The state court docket sheet indicates that Plaintiff's Original Petition was filed June 30, 2003, and Plaintiff's First Amended Original Petition was filed December 20, 2004. (Def. Trailblazer's Notice of Removal.) Despite having filed its Answer on August 1, 2003, at no point since the inception of the lawsuit has BCBS removed.[6] "[F]ailure to petition for removal within thirty days may render removal improvident within the meaning of 28 U.S.C. § 1447(c)." *Brown v. Demco, Inc.*, 792 F.2d 478, 481 (5th Cir. 1986). Allowing BCBS to assert the removal statute as grounds for federal question jurisdiction, is

---

[5] The deadline for removing under § 1442(a)(1) Federal Officer Removal Statute is governed by 28 U.S.C. § 1446(b). *See State of La. v. Sparks*, 978 F.2d 226, 233 n.11 (5th Cir. 1992); *Madden v. Able Supply Co.*, 205 F.Supp.2d 695, 698 n.2 (S.D. Tex. 2002) ("Generally, parties removing an action pursuant to § 1442(a)(1) must file a notice of removal within thirty days after receipt of the plaintiff's initial pleading. If, however, the initial pleading does not articulate the details of the plaintiff's claims, the thirty day time period begins to run on the date that the defendant receives "other paper" specifically indicating the grounds for removal.") (citing 28 U.S.C. § 1446(b)); *Glendora v. City of White Plains*, 53 F.Supp.2d 621, 622 (S.D.N.Y. 1999); *Newtop v. Rhenquist*, Civ. No. 94-4068-VRW, 1995 WL 23929 at *1 (N.D. Cal. 1995); *Perry v. United States*, 936 F.Supp. 867, 878-79 n.3 (S.D. Ala. 1996); *Pack v. AC and S, Inc.*, 838 F.Supp. 1099, 1102 (D. Md. 1993).

[6] Plaintiff argues that BCBS waived its right to remove. (Pl.'s Reply at 2-3.) Specifically Plaintiff avers that because it "conducted discovery, participated in docket control conferences, set trial dates, and joined in a motion for continuance," BCBS invoked the state process invoked and thus cannot now remove. (*Id.*) Because the removal record is incomplete, the Court is unable to ascertain the extent to which BCBS has "invoked the state judicial process." *See Brown v. Demco, Inc.*, 792 F.2d 478, 481 (5th Cir. 1986) (finding that defendant invoked the state court process where "they filed answers, amended answers, motions of various kinds, third party demands, cross claims, amended cross claims, and participated in discovery and depositions.")

tantamount to proving BCBS an opportunity to remove outside the deadline for removing. *See* 28 U.S.C. § 1446(b). The Court declines to so reward BCBS for its artful pleading in the face of its untimely pleaded grounds for removal.

    **2.**    **Pleading Requirements to Assert § 1442**

In arguing that the Federal Officer Removal Statute can apply post-removal, BCBS is arguing that jurisdiction exists by virtue of the defendant's status as a federal officer. Such an argument lacks merit. "The federal character of the litigant should not alone confer jurisdiction upon a federal court." *Mesa*, 489 U.S. at 131; *see id.* at 136 ("Section 1442(a), therefore, cannot independently support Art. III 'arising under' jurisdiction. "); *Williams v. Brooks*, 945 F.2d 1322, 1324-25 n.2 (5th Cir. 1991); *see also Arnold By and Through Arnold v. Blue Cross & Blue Shield of Tex., Inc.*, 973 F.Supp. 726, 739 (S.D. Tex. 1997), *overruled in part by*, *Winters*, 149 F.3d 387. For BCBS to properly remove, it "must show that (1) they are 'persons' within the meaning of the statute; (2) [must show that] they [were] 'acting under color of federal authority' when committing the acts leading to the instant lawsuit; [and] (3) must assert a colorable federal defense."[7] *Winters v. Diamond Shamrock Chemical Co.*, 901 F.Supp. 1195, 1197 (E.D. Tex. 1995), *aff'd*, 149 F.3d at 397-401. BCBS fails to establish prongs (2) and (3).

    **a.**    **"Acting Under" Requirement**

BCBS has not shown that it was "acting under color of federal authority" when it denied 96% of Plaintiff's claims submitted for payment. While BCBS articulates the regulations from which it allegedly denied Plaintiff's claims, (Def.'s Response at 5-8), it has not demonstrated

---

[7] Although *Mesa* articulates a four-prong test, since *Mesa*, the Supreme Court has combined the "causal nexus" prong into the second prong. *See Jefferson County Ala. v. Acker*, 527 U.S. 423, 431 (1999) ("To satisfy the [acting under color of office] requirement, the officer must show a nexus, a 'causal connection' between the charged conduct and asserted official authority.") (internal citation omitted); *Winters*, 149 F.3d at 398; *see also Faulk v. Owens-Corning Fiberglass Corp.*, 48 F.Supp.2d 653, 659 n.7 (E.D. Tex. 1999).

7

that its decisions were performed pursuant to the direct and detailed control of an officer of the United States. *See Kennedy v. Health Options, Inc.*, 329 F.Supp.2d 1314, 1318 (S.D. Fla. 2004) ("the presence of federal regulations does not satisfy the requirements to assert federal jurisdiction pursuant to 28 U.S.C. § 1442(a)(1)"); *Jamison v. Purdue Pharma Co.*, 251 F. Supp. 2d 1315, 1326 (S.D. Miss. 2003) (merely establishing that the relevant acts occurred under the general auspices of federal direction does not support federal officer removal); *Madden v. Able Supply Co.*, 205 F. Supp. 2d 695, 700-01 (S.D. Tex. 2002) ("the uncontested Gate affidavit plainly shows that [defendant] was acting under the direction of a Naval officer"); *Arnold*, 973 F.Supp. at 740 ("Blue Cross must establish that the federal officer or agent has 'direct and detailed control over the defendant.'") (quoting *Winters*, 901 F.Supp. at 1199); *Good v. Armstrong World Industries, Inc.*, 914 F. Supp. 1125, 1128 (E.D. Pa. 1996) (existence of statute governing defendant's actions does not alone support federal officer removal); *Fung v. Abex Corp.*, 816 F. Supp. 569, 572 (N.D. Cal. 1992) (same). Therefore, BCBS has not demonstrated that it was "acting under color of federal authority when committing the acts leading to the instant lawsuit." *Winters*, 901 F.Supp. at 1197.

### b.     Federal Defense Requirement

BCBS has failed to aver a federal defense. *See Jefferson County*, 527 U.S. at 431; *Mesa*, 489 U.S. at 134, 139. Although BCBS "need not *prove* the asserted defense," BCBS must articulate the "'colorable' applicability" of a federal defense "to the plaintiff's claims." *Winters*, 149 F.3d at 400. Indeed, BCBS "need not win [its] case before he can have it removed." *Jefferson County*, 527 U.S. at 431 (citing *Willingham v. Morgan*, 395 U.S. 402, 407 (1969)); *Mesa*, 489 U.S. at 134, 139 (same).

The only inkling of a defense in BCBS's Response is its implication that Plaintiff has failed to exhaust his administrative remedies. (Def.'s Resp. at 3.) BCBS's assertion that "at bottom,

8

Plaintiff is challenging [a] Medicare contractor's denials of Plaintiff's Medicare claims," sounds in preemption. (*Id.* at 4.) Whether asserting preemption or a failure to exhaust administrative remedies, BCBS may raise either argument as defenses to Plaintiff's state law claims in state court. *See Christus Health Gulf Coast v. Aetna, Inc.*, — S.W.3d —, Civ. No. 14-03-01281-CV, 2005 WL 851187 (Tex. App.– Houston [14 Dist.] April 14, 2005) (analyzing defendant's failure to exhaust administrative remedies defense under Medicare); *Wright v. Combined Ins. Co. of America*, 959 F.Supp. 356, 363 (N.D. Miss. 1997) ("[T]he mere interpretation of the Medicare and Medicaid statutes as an essential portion of the plaintiff's claims does not confer upon this court original jurisdiction over those state law claims.") (citing *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 813 (1986)); *Arnold*, 973 F.Supp. at 730 ("The state courts are competent to interpret federal law as well as adjudicate cases that may involve a significant federal interest.") (quoting *Chuska Energy Co. v. Mobil Exploration & Producing, N. Am. Inc.*, 854 F.2d 727, 730 (5th Cir.1988)). BCBS's mere implication of a preemption or a failure to exhaust administrative remedies defense falls short of the pleading standard. Accordingly, BCBS has failed, to meet its burden of establishing that federal question jurisdiction exists. *See Winters*, 149 F.3d at 397.

    **C.**     **Supplemental Jurisdiction**

The Court's retention of supplemental jurisdiction is discretionary. 28 U.S.C. § 1367(c)(3); *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988); *see Bass v. Parkwood Hosp.*, 180 F.3d 234, 246 (5th Cir. 1999) ("The court must exercise its discretion whether to exercise supplemental jurisdiction over" the remaining claims where "no federal question remains before the district court."). In the instant case, having no diversity or federal question jurisdiction, the Court may decline to exercise supplemental jurisdiction. In the interests of comity, judicial economy, and convenience, the Court does decline to retain jurisdiction over Plaintiff's state law claims. *United*

*Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966). The Court finds that in doing so, no undue burden will be placed upon the parties, since the case has progressed in state court since June 30, 2003.

IV.     **Conclusion**

BCBS, as the party invoking the Court's jurisdiction, bears the burden of establishing jurisdiction. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992); *see United States v. Garza*, 124 Fed. Appx. 891, 893 (5th Cir. 2005). BCBS has not met its burden. Having reconsidered its Order, entered February 23, 2005, the Court remains of the Opinion that the Court lacks subject matter jurisdiction. Accordingly, the Court rules as follows.

(1) Defendant Blue Cross/Blue Shield of Texas's Motion to Reconsider is **DENIED** as **MOOT**.

(2) Defendant Blue Cross/Blue Shield of Texas's Motion for Leave to file Surreply is **DENIED**.

(3) Plaintiff's Motion for Leave to file Surreply in Support of Plaintiff's Motion to Remand is **DENIED**.

(4) Plaintiff's Motion for Remand is **GRANTED**. The case is **REMANDED** to the 44th Judicial District Court of Dallas County, Texas, where originally filed.

SO ORDERED.

DATED: May 25, 2005.

_____
**BAREFOOT SANDERS, SENIOR JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**

10